IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN R. CRUMP,<br><br>      Petitioner,<br><br>   vs.<br><br>ALAMEDA COUNTY SUPERIOR<br>COURT, et al.,<br><br>      Respondent(s). | No. C 05-4205 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docs # 2 & 3) |

      Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his recent conviction from the Superior Court of the State of California in and for the County of Alameda.

      After the superior court entered judgment on August 5, 2005, petitioner filed a notice of appeal in the California Court of Appeal and a petition for a writ of habeas corpus in the Supreme Court of California. The supreme court promptly denied the petition for a writ of habeas corpus, but petitioner's direct appeal is still pending in the court of appeal.

      Petitioner must exhaust state judicial remedies as to all claims before turning to the federal courts for habeas review. 28 U.S.C. § 2254(b),(c). This requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). A would-be federal habeas petitioner must

1  await the outcome of all pending state post-conviction proceedings before his state
2  remedies are exhausted.  See id.  Even if the federal constitutional question raised by the
3  petitioner cannot be resolved in the pending state proceeding, that proceeding may result
4  in the reversal of the petitioner's conviction on some other ground, thereby mooting the
5  federal question.  See id. (citations omitted).  Petitioner must wait until his pending direct
6  appeal is resolved and exhausted in the state courts before seeking habeas relief in federal
7  court.  Contrary to petitioner's suggestion, there are no extraordinary circumstances in
8  this matter compelling a different conclusion.

   Accordingly, the instant petition is DISMISSED without prejudice to refiling a new
   petition after all pending state post-conviction proceedings are completed.

   The clerk shall close the file and terminate all pending motions (see, e.g., docs # 2
   & 3) as moot.  No fee is due.

   SO ORDERED.

   DATED:  October 26, 2005

   _____
   CHARLES R. BREYER
   United States District Judge

2